Rudi Alfred **APELT**, Petitioner–Appellant,

v.

Charles L. **RYAN**, et al., Respondents–Appellees.

No. 12–16015.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2013.

Filed April 23, 2013.

Dale A. Baich, Esquire, Assistant Federal Public Defender, Sarah Elizabeth

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Stone, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Petitioner–Appellant.

Ginger Jarvis, Esquire, Assistant Attorney General, Jeffrey L. Sparks, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: BEA, SCHROEDER and SILVERMAN, Circuit Judges.

MEMORANDUM *

Rudi Apelt appeals the district court's denial of his petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.

It was not unreasonable for the state court to deny Apelt's claim for ineffective assistance of counsel. Even assuming trial counsel provided ineffective assistance, Apelt has not shown that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The state produced overwhelming evidence of Apelt's culpability, as an accomplice, for first-degree murder. In particular, Anke Dorn's testimony established Apelt knew about the plans to kill Cindy Monkman and "agreed" to them. She likewise established Apelt's presence at the murder scene and his efforts to aid the murder's commission. Finally, Apelt's

role in the attempted cover-up strongly implicates his role as an accomplice to Monkman's murder.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.